UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | |
| ) | Criminal Case No. |
| v. ) | 5:14-cr-115-JMH |
| ) | |
| MARK DOUGLAS TAYLOR, ) | **MEMORANDUM OPINION** |
| ) | **and ORDER** |
| Defendant. ) | |
| ) | |

\*\*\*   \*\*\*   \*\*\*

This matter is before the Court on Defendant Mark Douglas Taylor's Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A). (DE 36). In January 2015, Taylor entered a guilty plea to one count of knowingly distributing visual depictions involving minors engaged in sexually explicit conduct, in violation of 18 U.S.C. § 2252(a)(2). (DE 16, 17, & 18). He was sentenced to 144 months of imprisonment and ten years of supervised release. (DE 28). Taylor is currently 60 years-old and serving his sentence at the Federal Correctional Institution (FCI) in Allenwood, Pennsylvania. His projected release date is April, 29, 2014. He now moves the Court to modify his sentence under 18 U.S.C. § 3582(c)(1)(A), or alternatively, for home confinement. (DE 36). For the reasons set forth below, his motion is **denied.**

Prior to the First Step Act, PL 115-391, 132 Stat 5194 (Dec. 21, 2018), the Court could not grant a motion for compassionate

Page **1** of **9**

release unless the director of the Bureau of Prisons (BOP) filed the motion. *See* 18 U.S.C. § 3582(c)(1)(A) (2017). The First Step Act amended § 3582(c)(1)(A) to allow the court to grant a motion for compassionate release filed by the defendant himself "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." 18 U.S.C. § 3582(c)(1)(A); PL 115-391, 132 Stat 5194 § 603 (Dec. 21, 2018).

The Sixth Circuit has determined that the occurrence of one of the two events mentioned in the statute is a "mandatory condition" to the Court granting compassionate release. *United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020). If the government "properly invoke[s]" the condition, the Court must enforce it. *Id*. at 834. Here, the United States has not acknowledged whether or not Taylor's exhaustion efforts have been properly met.[1] Accordingly, the Court finds that any argument to the contrary has been waived, and that the Court has the authority to consider Taylor's motion.

---

[1] The Court concedes that Taylor has, indeed, attached a copy of his administrative request to the Warden as an exhibit to his Motion. *See* DE 36-3. Therefore, with this evidence, coupled with the United States' silence as to exhaustion, the Court presumes that Taylor has properly exhausted for purposes of seeking § 3582 relief.

The compassionate release statute permits this Court to "reduce the term of imprisonment" and "impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment." 18 U.S.C. § 3582(c)(1)(A). Under the applicable provision of Section 3582(c)(1)(A), however, the Court may grant this relief only if it finds that "extraordinary and compelling reasons warrant such a reduction," and the "reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. 3582(c)(1)(A)(i).

The statute does not define what it means to be "extraordinary and compelling." The commentary to the policy statement by the Sentencing Commission applicable to Section 3582(c)(1)(A) provides some guidance; however, the Sixth Circuit has determined that the policy statement applies only to motions filed by the BOP and does not apply when a defendant moves for compassionate release on his own behalf. *United States v. Jones*, 980 F.3d 1098, 1108-11 (6th Cir. 2020). In such cases, district courts are no longer constrained by the reasons enumerated in §1B1.13's application note. *See id.; United States v. Elias*, 984 F.3d 516 (6th Cir. 2021); *see also United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020). Thus, courts need not rely on the application note as binding in its analysis; instead, a court may exercise its "*full discretion*" to determine whether

the defendant has demonstrated extraordinary and compelling reasons for compassionate release, *Jones*, 980 F.3d at 1111 (emphasis added), and, if so, whether the section 3553(a) factors weigh in favor of release. Even when the district court determines that the inmate meets the requirements, the "court 'may reduce the term of imprisonment,' but need not do so." *Elias,* 984 F.3d at 518 (quoting § 3582(c)(1)(A)). Taylor bears the burden to show that he is entitled to release. *United States v. Thompson*, No. 3:17-CR-170-CHB, 2021 WL 2418573, at *3 (W.D. Ky. June 14, 2021).

In this case, Taylor expresses fear of contracting COVID-19 and being susceptible to death or serious illness, due to his medical conditions and age. Particularly, as cause for concern, he cites his obesity, COPD, diabetes type II, PTSD, anxiety, depression, and a traumatic brain injury that occurred in 2003. (DE 36 at 2, 30). In support thereof, Taylor has included medical records dating from 2020 through 2022. (DE 36-4). In its response, the Government concedes that, while Taylor does suffer from several medical conditions, the evidence shows that they have all been effectively managed and treated by the BOP. (DE 39-2). Taylor does not contend otherwise.

Further, as to Taylor's stated fear of contracting COVID-19 at his facility due to the lack of social distancing and adequate cleaning procedures, Courts have generally found that any fears

in contracting the virus while incarcerated is not an "extraordinary and compelling" reason to grant compassionate release. *See United States v. Wood*, No. 2:12-cr-27-1, 2021 WL 1134772, at *5 (E.D. Tenn. Mar. 24, 2021); *United States v. Jent*, No. CR 6:13-026-DCR, 2020 WL 6829760, at *1 (E.D. Ky. Nov. 20, 2020); *see United States v. Bothra*, No. 20-1364, 2020 WL 2611545, at *2 (6th Cir. May 21, 2020) ("Courts have been reluctant to find that generalized fears of contracting COVID-19, without more, constitute a compelling reason." (citation omitted)).

Taylor has also been fully vaccinated against COVID-19. He received his first dose of the Moderna vaccine on January 6, 2021, and received the second dose on February 4, 2021. (DE 36-4 at 68). The Sixth Circuit has held that "a defendant's incarceration during the COVID-19 pandemic — when the defendant has access to the COVID-19 vaccine — does not present an 'extraordinary and compelling reason' warranting a sentence reduction. *United States v. Lemons*, 14 F.4th 747 (6th Cir. 2021). Accordingly, upon consideration, the Court finds that extraordinary and compelling reasons do **not** exist for Taylor's release. While Taylor does suffer from several medical conditions, he has not demonstrated (nor does he assert) that he has been unable to receive monitoring and treatment at his current facility.

The Court now considers whether "the factors set forth in section 3553(a)[,] to the extent that they are applicable[,]" support the requested sentence reduction. 18 U.S.C. § 3582(c)(1)(A); *Jones*, 980 F.3d at 1107-1108. These factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed--
>     A.   to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>     B.   to afford adequate deterrence to criminal conduct;
>     C.   to protect the public from further crimes of the defendant; and
>     D.   to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; [and]
> (3) the kinds of sentences available;

18 U.SC. § 3553(a)(1)-(3). The § 3553(a) factors also include, the "kinds of sentence and the sentencing range" established in the guidelines; "any pertinent policy statement" issued by the Sentencing Commission; "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct"; and "the need to provide restitution to any victims of the offense. § 3553(a)(4)-(7).

In this case, the nature and circumstances surrounding Taylor's offenses were particularly heinous. In December 2013, an FBI Task Officer utilized an undercover internet connected computer and connected to the IP address where several files of

child pornography had been downloaded. The IP address was subsequently subpoenaed, and the subscriber information returned to the defendant. The digital images that were later discovered as images owned by Taylor contained hundreds of images that involved minors engaging in sexually explicit conduct and over 50 videos depicting disturbing visual images, including images depicting children under the age of 10 years old and as young as 5 years old engaging in sexually explicit conduct.

The Court cannot discount the seriousness of Taylor's offenses. Some of the depictions found to be in Taylor's possession showed sexual and anal intercourse with prepubescent children. (PSR 4). As such, given the seriousness of the charged offenses, the need to deter future criminal conduct, to promote respect for the law, and to provide just punishment, the Court remains convinced that the sentence originally imposed is still "sufficient, but not greater than necessary" to comply with the purposes of § 3553(a). Release is simply not appropriate. Taylor alone is responsible for the position he has placed himself in, and more importantly, the hardship he has placed on society.

Lastly, the Court denies Taylor's request to serve the remainder of his sentence in home confinement. As an initial matter, the Court lacks the authority to consider Taylor's request for home confinement because that decision rests solely with the BOP. *See* 18 U.S.C. § 3624(c)(2); *United States v. McCann*, No. 5:13-

cr-52-KKC, 2020 WL 1901089, at *3 (E.D. Ky. Apr. 17, 2020)]. While this is true, and 18 U.S.C. § 3582(c)(1)(A) does not authorize the Court to order that a defendant serve his current sentence in home confinement, the Sixth Circuit *has* noted that, if a district court reduces a term of imprisonment under § 3582(c)(1)(A) to time served, "it can impose a term of supervised release equal to the unserved time and order, as a condition of supervised release, that the defendant be confined to his home." *See United States v. Spencer*, No. 20-3721, 2020 WL 5498932, at *2 (6th Cir. Sept. 2, 2020) (citing 18 U.S.C. § 3853(d); U.S.S.G. § 5F1.2).

So, "with a few extra steps, a district court can 'craft a reduced sentence that, for all practical purposes, looks very much like ordering that [the defendant] be allowed to spend the remainder of his current sentence on home confinement.'" *Id.* (quoting *United States v. Murphy*, No. 15-20411, 2020 WL 2507619, at *4 (E.D. Mich. May 15, 2020)). However, the Court will not craft this alternative remedy for Taylor, as "doing so still requires the district court to reduce the defendant's current custodial sentence to time served, which it can do only if it finds that the defendant meets the criteria set forth in § 3582(c)(1)(A) . . . ." *Id.* Because the Court finds that a sentence reduction is **not** appropriate under 18 U.S.C. § 3582(c)(1)(A), as stated above, the Court denies Taylor's home-confinement request.

Taylor has not demonstrated that extraordinary and compelling reasons exist for his early release or that the sentencing factors contained in 18 U.S.C. § 3553(a) support a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). Accordingly,

IT IS HEREBY ORDERED that Mark Douglas Taylor's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) (DE 36) is DENIED.

This the 25th day of February, 2022.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge